UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MAINE

| | |
|---|---|
| JAMES GEHRMAN and MICHAEL REIDER, ) <br> ) <br> Plaintiffs ) <br> ) <br> v. ) <br> ) <br> TWIN RIVERS PAPER COMPANY, ) <br> ) <br> Defendant ) | Civil No. _____ |

# COMPLAINT

Plaintiffs James Gehrman and Michael Reider, by and through the undersigned counsel, complain of Defendant Twin Rivers Paper Company as follows:

## INTRODUCTION

1. This is an action for breach of contract, breach of quasi-contract, unjust enrichment and failure to pay wages within a reasonable time after demand in violation of 26 M.R.S.A. § 626.  In the alternative, this is an action under 29 U.S.C. § 1024(b) for failure to timely furnish a summary plan description to a participant in an employee benefit plan; under 29 U.S.C. § 1132(a)(1)(B), to recover benefits due under an employee benefit plan; under 29 U.S.C. § 1104(a)(1)(B) for failure to administer an employee benefit plan with the "care, skill, prudence and diligence" required of an ERISA fiduciary; under 29 U.S.C. § 1104(a)(1)(D) for failure to administer an employee benefit plan in accordance with the governing plan documents; under 29 U.S.C. § 1132(a)(1)(A) for failure to comply with a request for information required by Title I of ERISA; under 29 U.S.C. § 1133(2) for failure to afford a full and fair review of a denied claim under an employee benefit plan; and under 29 U.S.C. § 1132(g) for attorney's fees and costs.

## JURISDICTION

2.      Jurisdiction properly lies in this Court pursuant to 29 U.S.C. § 1132(e) and pursuant to 28 U.S.C. § 1367(a) as to the claims for breach of contract, breach of quasi-contract, unjust enrichment and failure to pay wages within a reasonable time after demand in violation of 26 M.R.S.A. § 626.

3.      Venue in this Court is appropriate pursuant to 28 U.S.C. § 1391 and Local Rule 3(b).  The breach and violations alleged below were committed within the State of Maine.

## THE PARTIES

4.      Plaintiff James Gehrman is a resident of Georgia.

5.      Plaintiff Michael Reider is a resident of Maine.

6.      Defendant Twin Rivers Paper Company ("Defendant TRP") is a Delaware Limited Liability Company with a place of business in Madawaska, Maine.

## FACTUAL ALLEGATIONS

7.      On or about April 28, 2010, Defendant TRP purchased the assets of Fraser Papers Inc. ("FP").  At the time of the purchase, Plaintiff Gehrman was the Vice President of sales and Plaintiff Reider was employed as General Manager at Katahdin Paper with FP.

8.      After the purchase, Plaintiff Gehrman was employed by Defendant TRP as its President and CEO.  Plaintiff Reider remained employed by Katahdin Paper until May 1, 2011, at which time he became employed at Defendant TRP as its Senior Vice President of Operations.

9.      On April 28, 2010, Defendant TRP and Plaintiff Gehrman entered into an agreement to provide Plaintiff Gehrman an incentive to stay on with the company pending a change in control ("the Gehrman Agreement").

10.     On April 27, 2012, the Gehrman Agreement was extended to December 31, 2013.

11.     On May 2, 2011, Defendant TRP and Plaintiff Reider entered into an agreement to provide Plaintiff Reider an incentive to stay on with the company pending a change in control ("the Reider Agreement").

12.     On April 27, 2012, Defendant TRP extended the term of the Reider Agreement to December 31, 2013.

13.     Early drafts of both the Reider Agreement and the Gehrman Agreement contained explicit provisions barring the receipt of severance payments in addition to payment under those agreements.  These provisions were intentionally removed prior to final approval of both the Gehrman and the Reider agreements.  Neither agreement barred in any way the receipt of severance under any severance plan by Gehrman or Reider.

14.     On June 6, 2013, a controlling interest in Defendant TRP was acquired by Atlas Holdings and Blue Wolf Capital Partners.

15.     On June 6, 2013, Plaintiff Reider requested a copy of the current severance policy in effect for Defendant TRP.

16.     In response to this request, on June 6, 2013, Kimberly LaVoie, Director of Corporate Human Resources at Defendant TRP, produced a copy of the Fraser Papers Inc. Severance Pay Guidelines, effective September 1, 2006 ("FP Guidelines").  In the email to which the FP Guidelines were attached, Ms. LaVoie wrote, "Twin Rivers continues to use the severance pay guidelines that were established in 2006.  In addition to the attached guidelines, for those that were employed by Fraser Papers they are entitled to an additional 4 weeks of severance pay."

17.     On June 7, 2013, the Plaintiffs' employment with Defendant TRP was terminated.

3

18. On June 7, 2013, Plaintiff Reider inquired of Ms. LaVoie by email, noting that his termination letter had not provided information about severance pay.

19. On June 12, 2013, Richard Grunthaler, Director of Human Resources at Defendant TRP, sent to each Plaintiff a copy of the Twin Rivers Paper Severance Benefit Plan and Summary Plan Description ("TRP Plan"), along with associated claim forms, instructions and an arbitration agreement signed by Mr. Grunthaler ("Arbitration Agreement").

20. The TRP Plan contains a provision stating "any claims under this Plan are to be resolved through final and binding arbitration…" (the "Mandatory Arbitration Provision"). That provision does not place an explicit limitation period for submitting a claim to arbitration.

21. The TRP Plan also contains provisions stating a participant's right to sue in federal court to enforce his or her rights under ERISA, which, assuming the mandatory arbitration provision would otherwise be upheld, creates an ambiguity regarding the appeal procedures required by the TRP Plan.

22. The blank claim forms attached to the TRP Plan leave blank the limitation period for submitting a claim to arbitration.

23. The separate Arbitration Agreements require that a claim must be submitted to arbitration "within one (1) year of the date the aggrieved party first has the knowledge of the event giving rise to the claim."

24. The Arbitration Agreements have not been signed by either Plaintiff.

25. On or about June 14, 2013, Plaintiffs received payment of amounts owed under the Gehrman Agreement and Reider Agreement, respectively.

26. In order to preserve their appeal rights, but without conceding that the TRP Plan was or is the operative plan – in fact, the Plaintiffs asserted that the TRP Plan was not the

4

operative plan, Plaintiffs timely filed a claim under the TRP Plan to the extent it was later determined to be the operative plan.

27. On August 26, 2013, by separate but nearly identical letters, Mr. Grunthaler denied Plaintiffs' claims citing to language in Article II, Sections 4.B and 4.C of the TRP Plan, under which amounts due under the TRP Plan were to be offset by other severance payments made (the FP Guidelines contain no such offset provision). The Notice of Benefit Denial erroneously and in contradiction of the plain language of the TRP Plan document stated that the payment made to Plaintiffs under their agreements constituted severance pay within the meaning of the TRP Plan. The Notice concluded that, because the amounts paid under the Reider and Gehrman Agreements exceeded the amount otherwise due under the TRP Plan, the TRP Plan amount was fully offset and therefore not payable.

28. On October 24, 2013, the Plaintiffs timely appealed their claims under the TRP Plan's claims procedure, requesting further documents and records relevant to his claim, again without conceding that the TRP Plan was the operative plan.

29. On November 22, 2013, Adam Levy, Chief Restructuring Officer for Defendant TRP, responded to the documents request, but the documents submitted were insufficient and incomplete as compared with those requested. Included in this correspondence was a "Delegation of Plan Administration Authority" dated August 26, 2013, delegating administrative authority for the TRP Plan to Mr. Levy.

30. In his November 22, 2013 communication, Mr. Levy did not address the substantive arguments Plaintiffs made in their appeals.

31. On December 23, 2013, Plaintiffs requested a substantive response to their appeal arguments, and repeated the request for documents and records relevant to their claims.

32. On or about January 21, 2014, Plaintiffs received cover letters from Mr. Grunthaler stating that a December 19, 2013 response to Plaintiffs' November 22, 2013 communication had apparently not been mailed to them. The December 19, 2013 response—the "Final Notice of Benefit Denial on Review," signed by Timothy Lowe, Chief Executive Officer of Defendant TRP, was enclosed with the cover letter.

33. On February 12, 2014, Plaintiffs responded, noting that Mr. Lowe's December 19, 2013 Final Notice did not respond to the arguments made in Plaintiffs' December 23, 2013 request.

34. On February 21, 2014, Mr. Grunthaler responded, but provided no further documents or records. Mr. Grunthaler argued that the one employee similarly situated to Plaintiffs was also denied benefits under the TRP Plan. The response was received by Plaintiffs on February 26, 2014.

## COUNT I
### (Breach of Contract)

35. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

36. The FP Guidelines constitute a contract between the employer and employees, including the Plaintiffs.

37. As agent for Defendant TRP, Ms. LaVoie represented to Plaintiffs in writing that the FP Guidelines would determine their severance benefits, and provided Plaintiffs with copies of those guidelines.

38. Ms. LaVoie's representation also contractually bound Defendant TRP to pay severance benefits to Plaintiffs under the FP Guidelines.

39. Defendant TRP breached its contracts with Plaintiffs when it failed to pay to him severance benefits under the FP Guidelines despite a demand for payment.

40. Plaintiffs suffered damages in the amount of the benefit due under the FP Guidelines when Defendant TRP failed to pay those amounts to Plaintiffs.

## COUNT II
### (Breach of Quasi-Contract)

41. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

42. Plaintiffs provided services to Defendant TRP with Defendant TRP's knowledge and consent.

43. Based on Ms. LaVoie's representation regarding the FP Guidelines, it was reasonable for Plaintiffs to expect payment under those guidelines.

## COUNT III
### (Unjust Enrichment)

44. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

45. With Defendant TRP's knowledge, Plaintiffs conveyed upon Defendant TRP the benefit of their services.

46. By failing to pay Plaintiffs the benefit due to them under the FP Guidelines, Defendant TRP unfairly retained the benefit of Plaintiffs' services without compensating Plaintiffs for their full value.

## COUNT IV
### (Violation of 26 M.R.S.A. § 626—Failure to pay wages within a reasonable time after demand)

47. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

48. The Plaintiffs earned the pay provided for under the FP Guidelines through their work for the Defendant.

49. On multiple occasions, Plaintiffs demanded payment of the earned pay, which constitute wages, due to them under the FP Guidelines.

50. Defendant TRP failed to pay the amounts due to Plaintiffs under the FP Guidelines within a reasonable time after Plaintiffs' demands for payment.

IN THE ALTERNATIVE, should the Court determine that the TRP Plan is the operative plan, then:

## COUNT V
### (Violation of 29 U.S.C. § 1024(b)—Failure to timely provide a copy of the summary plan description to a participant in an employee benefit plan)

51. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

52. Defendant TRP failed to provide Plaintiffs with a copy of the TRP Plan summary plan description within 90 days of their becoming participants in the Plan.

## COUNT VI
### (Violation of 29 C.F.R. § 2560.503-1—Mandatory arbitration provision)

53. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

54. In violation of 29 C.F.R. § 2560.503-1, the TRP Plan contains a mandatory arbitration provision in lieu of appeal to federal court.

## COUNT VII
### (Action under 29 U.S.C. § 1132(a)(1)(B)—To recover benefits due under the terms of an employee benefit plan)

55. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

56. By erroneously offsetting Plaintiffs' benefits due under the TRP Plan with the payments made pursuant to the Gehrman and Reider Agreements, Defendant TRP failed to pay benefits that were due to Plaintiffs under the TRP Plan.

## COUNT VIII
### (Action under 29 U.S.C. § 1132(a)(1)(A)—Failure to comply with a request for information)

57. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

58. Defendant TRP failed to provide upon Plaintiffs' request, reasonable access to all documents, records and other information relevant to his claim for benefits, as required by 29 CFR § 2560.503-1(h)(2)(iii).

## COUNT IX
### (Violation of 29 U.S.C. § 1133(2)—Failure to afford a reasonable opportunity for full and fair review)

59. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

60. By failing to provide requested documents, records and information, Defendant TRP failed to provide Plaintiffs with the opportunity for a full and fair review of their appeals, which likely would have incorporated facts and argument pertaining to those documents, records and information.

61. By failing to consider arguments made in Plaintiffs' December 23, 2013 letter, Defendant TRP failed to provide Plaintiffs with the opportunity for a full and fair review of their appeal.

### COUNT X
**(Violation of 29 U.S.C. § 1104(a)(1)(D)—Failure to administer an employee benefit plan in accordance with governing plan documents)**

62. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

63. In its failure to maintain and provide accurate plan documents and summary plan descriptions, failure to comply with Plaintiffs' requests for information, attempt to enforce an unsigned arbitration agreement, failure to afford Plaintiffs a reasonable opportunity for full and fair review of their appeal, Defendant TRP accordingly failed to administer the TRP Plan in accordance with the terms of the governing plan documents.

### COUNT XI
**(Violation of 29 U.S.C. § 1104(a)(1)(B)—Failure to administer an employee benefit plan with the skill, care, prudence and diligence required of an ERISA fiduciary)**

64. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

65. In its failure to maintain and provide accurate plan documents and summary plan descriptions, failure to comply with Plaintiffs' requests for information, failure to afford Plaintiffs a reasonable opportunity for full and fair review of their appeal and failure to administer the TRP Plan in accordance the governing plan documents, Defendant TRP accordingly failed to administer the TRP Plan with the skill, care, prudence and diligence required of an ERISA fiduciary.

## COUNT XII
### (Action under 29 U.S.C. § 1132(g) for attorney's fees and costs)

67. Plaintiffs re-allege and hereby incorporate by reference all of the foregoing paragraphs as if set forth in their entirety herein.

68. Plaintiffs, as the plaintiffs in an action under Title I of ERISA, are requesting payment by Defendant TRP for Plaintiffs' reasonable attorney's fees and costs.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs pray that this Court enter judgment in their favor and grant the following:

A. On Counts I through III, order Defendant TRP to pay to Plaintiffs the amounts due to them under the FP Guidelines.

B. On Count IV, order Defendant TRP to pay to Plaintiffs damages, attorney's fees and costs as provided under 26 M.R.S.A. § 626.

IN THE ALTERNATIVE, should the Court determine that the TRP Plan is the operative plan, then,

C. On Counts V through XI, order Defendant TRP to pay Plaintiffs the amount due to them under the TRP Plan, without offset for payments made under the Gehrman and Reider Agreements.

D. On Count VIII, order Defendant TRP to pay to Plaintiffs penalties under 29 U.S.C. § 1132(c)(1), and such other relief as the Court deems proper.

E. On Count XII, order Defendant TRP to pay Plaintiffs' reasonable attorney's fees and costs.

Respectfully submitted this 29th day of August, 2014.

　　　　　*/s/ Ronald W. Schneider, Jr.*
Ronald W. Schneider, Esq., Bar No. 8402

　　　　　*/s/ Eben Albert-Knopp*
Eben Albert-Knopp, Esq., Bar No. 4311

Attorneys for Plaintiffs James Gehrman
and Michael Reider

BERNSTEIN SHUR
100 Middle Street, PO Box 9729
Portland, ME 04104-5029
(207) 774-1200