UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

JAMES GEHRMAN, et al.,  )
                         )
    Plaintiffs,          )
                         )
v.                       )    1:14-cv-00341-JDL
                         )
TWIN RIVERS PAPER COMPANY,)
                         )
    Defendant            )

## RECOMMENDED DECISION

In this action, Plaintiffs maintain that Defendant failed to compensate them properly upon the end of Plaintiffs' employment with Defendant. The matter is before the Court on Defendant's Motion to Dismiss Counts I through IV of Plaintiffs' First Amended Complaint (ECF No. 12).[1]

In counts I-IV of the amended complaint, Plaintiffs assert state law claims for breach of contract, breach of quasi-contract, unjust enrichment, and violation of 26 M.R.S. § 626. Through its motion, Defendant contends that Plaintiffs' state law claims asserted in counts I - IV are pre-empted by the Employee Retirement Income Security Act (ERISA), and that the statute upon which Plaintiffs rely in count IV does not encompass severance pay.

As explained below, after consideration of the parties' arguments, the recommendation is that the Court grant in part the Motion, dismiss count IV, and otherwise deny the Motion.

---

[1] Defendant previously filed a motion to dismiss in response to the Plaintiffs' initial complaint (ECF No. 5). While I have considered the arguments included in the original motion to dismiss, because Plaintiffs' First Amended Complaint is the operative pleading, Defendant's Motion to Dismiss Counts I through IV of the original complaint is moot.

## DISCUSSION

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a party may seek dismissal of "a claim for relief in any pleading" if that party believes that the pleading fails "to state a claim upon which relief can be granted." In their assessment of the motion, courts must "assume the truth of all well-plead facts and give the plaintiffs the benefit of all reasonable inferences therefrom." *Blanco v. Bath Iron Works Corp.*, 802 F. Supp. 2d 215, 221 (D. Me. 2011) (quoting *Genzyme Corp. v. Fed. Ins. Co.,* 622 F.3d 62, 68 (1st Cir. 2010)).

**A.     ERISA Preemption (Counts I – IV)**

In counts I through IV of the amended complaint, Plaintiffs assert claims based on the Fraser Papers Inc. Severance Pay Guidelines (FP Guidelines), which were issued by Defendant's predecessor. Plaintiffs allege that the FP Guidelines cannot be considered a qualified plan under ERISA. (Am. Compl. ¶ 37.)[2] In its motion, Defendant contends that a plain reading of the FP Guidelines establishes that the FP Guidelines constitute an ERISA plan.

When assessing whether a particular benefit is within ERISA, courts examine "the nature and extent of an employer's benefit obligations." *Rodowicz v. Mass. Mut. Life Ins. Co.*, 192 F.3d 162, 170, *amended by* 195 F.3d 65 (1st Cir. 1999) (quoting *Belanger v. Wyman-Gordon Co.*, 71 F.3d 451, 454 (1st Cir. 1995)). If an employer's obligations "require an ongoing administrative scheme that is subject to mismanagement, then they will more likely constitute an ERISA plan; but if the benefit obligations are merely a one-shot, take-it-or-leave-it incentive, they are less likely to be covered." *O'Connor v. Commonwealth Gas Co.*, 251 F.3d 262, 267 (1st Cir. 2001). As the

---

[2] The FP Guidelines are set forth in Exhibit A to Defendant's Motion to Dismiss. Plaintiffs do not contest the authenticity of the Exhibit. "When the complaint relies upon a document, whose authenticity is not challenged, such a document 'merges into the pleadings' and the court may properly consider it under a Rule 12(b)(6) motion to dismiss." *Alt. Energy, Inc. v. St. Paul Fire and Marine Ins. Co.*, 267 F.3d 30, 33 (1st Cir. 2001) (quoting *Beddall v. State St. Bank & Trust Co.*, 137 F.3d 12, 17 (1st Cir. 1998).

First Circuit observed, "The determination of what constitutes an ERISA plan thus turns most often on the degree of an employer's discretion in administering the plan. Our cases have noted that such determinations are not clear cut and necessarily require line drawing." *Id*.

Defendant maintains that under the FP Guidelines, the employer has significant discretion, which compels the conclusion that the FP Guidelines constitute an ERISA plan. For instance, Defendant notes that if the employer terminates an employee from employment for "cause" or for "gross misconduct or insubordination," the employee is not entitled to severance pay. Under the Guidelines, the employer also may, "in its sole judgment, determine that an employee who is otherwise eligible for severance under these guidelines will not receive any payment if the employee has engaged in any conduct that may harm the business or reputation of the [employer], its managers, or employees, or that is otherwise disruptive to the business." (Motion to Dismiss at 6-7; FP Guidelines, ECF No. 12-1, PageID # 76.)

"The question of whether an ERISA plan exists is 'a question of fact, to be answered in light of all the surrounding facts and circumstances from the point of view of a reasonable person.'" *Wickman v. Nw. Nat'l Ins. Co.*, 908 F.2d 1077, 1082 (1st Cir. 1990) (quoting *Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 (9th Cir. 1988), *cert. denied*, 492 U.S. 906 (1989)). Contrary to Defendant's argument, all of the relevant facts and circumstances cannot be discerned from a mere reading of the FP Guidelines. Most of the provisions cited by Defendant govern eligibility for severance pay, and do not address the employer's obligations in the administration of the program.[3]

---

[3] The FP Guidelines state that other severance benefits will be provided, including "career transition through an outplacement service." (PageID # 77.) While such a benefit is relevant to a final determination of the preemption question, the mere fact that the benefit is described in the FP Guidelines does not establish that the benefit exists in fact or that it results in any ongoing administrative burden on the part of Defendant. It deserves note that, with the exception of Judge Carter's decision in *Bellino v. Schlumberger Techs., Inc.*, 753 F. Supp. 391 (D. Me. 1990), the decisions cited by Defendant addressed the preemption question at summary judgment, including, principally, *Simas v. Quaker Fabric Corp. of Fall River*, 6 F.3d 849 (1st Cir. 1993), and the opinion cited with approval therein, *Bogue v. Ampex Corp.*, 976 F.2d 1319 (9th Cir. 1992) (Wisdom, J., sitting by designation).

3

The fact that the employer has the ability to terminate a person's employment for cause, which termination precludes the person from receiving severance pay, does not mean that the FP Guidelines constitute an ERISA plan. Presumably, many programs, regardless of whether they are ERISA plans, provide that an employee is not entitled to severance pay if the employee is terminated for cause. The fact that an employer itemizes various grounds upon which it might terminate an employee for cause, which termination would make the employee ineligible for severance pay, is not controlling. The more relevant inquiry is the nature of the employers' administrative responsibilities after eligibility has been established. *Cantrell v. Briggs & Veselka Co.*, 728 F.3d 444, 451-52 (5th Cir. 2013), *cert. denied*, 134 S. Ct. 1520 (2014) ("Though [employer] asserts it used discretion to determine whether [employee] was terminated 'with cause,' we reject the notion that this is enough to necessitate an ongoing administrative scheme."); *see also Fort Halifax Packing Co. v. Coyne*, 482 U.S. 1, 18 (1987) (5-4) ("Some severance benefit obligations by their nature necessitate an ongoing administrative scheme, but others do not. Those that do not … simply do not involve … an employee benefit 'plan.'"). The provisions cited by Defendant, therefore, even if pertinent, are not dispositive.

In short, without a factual record to assess, one cannot determine whether the FP Guidelines constitute an ERISA plan. At this stage of the proceedings, the pleadings simply do not establish conclusively that the FP Guidelines constitute an ERISA plan. Defendants thus are not entitled to the dismissal of counts I through III of the amended complaint.

**B.      Severance Pay as Wages (Count IV)**

In count IV of the amended complaint, Plaintiffs allege a violation of 26 M.R.S. § 626 based on their demand for, and Defendant's alleged failure to make payment of, "the amounts due to Plaintiffs under the FP Guidelines within a reasonable time after Plaintiffs' demands for

4

payment." (Am. Compl. ¶ 52.) As explained above, the FP Guidelines authorize a severance pay benefit. Defendant argues that count IV must be dismissed because severance pay is not within the scope of "wages" as contemplated by 26 M.R.S. §§ 626 and 626-A. (Motion to Dismiss at 12-13.)

Defendant relies principally on *Bellino v. Schlumberger Technologies, Inc.*, 753 F. Supp. 391 (D. Me. 1990), where Judge Carter determined that severance pay is not considered wages for purposes of § 626 (1) because although the Maine Legislature expressly provided in section 626 that vacation pay is considered "wages," it did not explicitly include severance pay within "wages," and (2) because the Maine wage statute separately addresses severance pay, including the liability for non-payment of severance pay. *Id.* at 393 (citing 26 M.R.S. §§ 626 & 625-B). In addition, Judge Carter concluded that severance pay does not amount to "wages" because severance pay is a benefit that becomes due "only upon and by reason of an employee's termination." *Id.*

Although Plaintiffs cite decisions from courts in other jurisdictions in support of their contention that severance pay should be considered wages under § 626, the authority upon which Plaintiffs rely does not address Maine's statutory scheme. Judge Carter's reasoning regarding the intent of the Maine legislature is persuasive. Had the legislature intended to include severance pay as "wages" for purposes of § 626, it could have expressly done so as it did with vacation pay. Additionally, the fact that the legislature otherwise provided for the payment of severance pay further demonstrates that the legislature did not intend to include severance pay within the scope of "wages."[4] Defendant, therefore, is entitled to the dismissal of count IV of the amended complaint.

---

[4] Pursuant to 26 M.R.S. § 625-B(4):

> Any employer who violates the provisions of this section shall be liable to the employee or employees affected in the amount of their unpaid severance pay. Action to recover the liability may

5

**CONCLUSION**

Based on the foregoing analysis, the recommendation is that the Court grant in part and deny in part Defendant's Motion to Dismiss (ECF No. 12). The recommendation is that the Court dismiss count IV of the First Amended Complaint, and otherwise deny the Motion.

**NOTICE**

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, and request for oral argument before the district judge, if any is sought, within fourteen (14) days of being served with a copy thereof. A responsive memorandum and any request for oral argument before the district judge shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 6th day of February, 2015.

---

be maintained against any employer in any state or federal court of competent jurisdiction by any one or more employees for and on behalf of himself or themselves and any other employees similarly situated. Any labor organization may also maintain an action on behalf of its members. The court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant and costs of the action.