UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| JAMES GEHRMAN, et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | 1:14-cv-00341-JCN |
| | ) | |
| TWIN RIVERS PAPER COMPANY, | ) | |
| | ) | |
| Defendant | ) | |

**ORDER ON MOTION TO REDACT ELECTRONIC TRANSCRIPT**

This matter is before the Court on Defendant's Motion for Leave to Redact Electronic Transcript. (ECF No. 73.) Through the motion, Defendant requests that the Court permit the redaction of the trial transcript to remove or seal reference to certain documents, and to refer to some of Defendant's employees or former employees by their initials. Plaintiffs do not object to the motion provided any redaction or seal does not unnecessarily complicate the preparation of the parties' post-trial briefs. As explained below, the Court denies the motion.

**Discussion**

Defendant's motion is in essence a request to seal specific information contained in the trial transcript. When a court considers a motion to seal, the court must be mindful that the law recognizes a presumption "of public access to judicial proceedings and records." *United States v. Kravetz*, 706 F.3d 47, 52 (1st Cir. 2013). As the First Circuit has acknowledged, however, "[t]hough the public's right to access is vibrant, it is not unfettered. Important countervailing interests can, in given instances, overwhelm the usual presumption and defeat access." *Id*. at 59 (quoting *Siedle v. Putnam Inv., Inc.*, 147 F.3d 7, 10 (1st Cir. 1998)). In its assessment of a request

to seal, the Court is required to "carefully balance the presumptive public right of access against the competing interests that are at stake in a particular case." *Id*.

Here, Defendant asks the Court to redact or seal information that was presented at a public trial as evidence and thus could potentially be relevant to the judgment the Court will issue. While the Court recognizes the parties might have designated some of the information as confidential during the discovery process, under the confidentiality order in this case, the parties' designation does not control the use of the information at trial. (ECF No. 41.) As the Sixth Circuit observed:

> [T]here is a stark difference between so-called "protective orders" entered pursuant to the discovery provisions of Federal Rule of Civil Procedure 26, on the one hand, and orders to seal court records, on the other. Discovery concerns the parties' exchange of information that might or might not be relevant to their case. Secrecy is fine at the discovery stage, before the material enters the judicial record.
>
> ****
>
> At the adjudication stage, however, very different considerations apply. The line between these two stages, discovery and adjudicative, is crossed when the parties place material in the court record. Unlike information merely exchanged between the parties, the public has a strong interest in obtaining the information contained in the court record.

*Shane Grp., Inc. v. Blue Cross Blue Shield of Michigan*, No. 15-1544, 2016 WL 3163073, at *3 (6th Cir. June 7, 2016) (internal citations and quotation marks omitted).

The fact that the information was presented un-redacted in a public trial is also significant. The transcript is intended to be a complete and accurate account of the evidence presented at the public trial. The redaction or seal of information, after the conclusion of the trial, would be inconsistent with that objective. When compared to the public interest in access to an accurate account of the evidence presented at a public trial, which evidence the Court will consider in its deliberations, the interest asserted by Defendant is less compelling. *See In re Gitto Glob. Corp.*, 442 F.3d 1, 6 (1st Cir. 2005) (quoting *FTC v. Standard Fin. Mgmt. Corp.*, 830F.2d 404, 410 (1st Cir. 1987) ("only the most compelling reasons can justify non-disclosure of judicial records").

In short, because the information was presented as evidence at a public trial, and given that the public interest in access to judicial decisions and the record upon which the decisions are based is of "paramount" significance, *F.T.C. v. Standard Fin. Mgmt. Corp.*, 830 F.2d 404, 410 (1st Cir. 1987), the Court is not inclined to seal the information. In other words, the circumstances in this case militate against the seal or redaction of the information requested.

## Conclusion

Based on the foregoing analysis, the Court denies Defendant's Motion for Leave to Redact Electronic Transcript. (ECF No. 73.)[1]

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 23rd day of June, 2016.

---

[1] Although the Court has denied the motion, the parties may, by agreement, refer in their post-trial briefs to the subject employees by their initials.