UNITED STATES DISTRICT COURT
District of Maine

| | |
|---|---|
| James Gehrman, et. al.,            )<br>                                              )<br>     Plaintiffs,                         )<br>                                              )<br>v.                                          )<br>                                              )<br>Twin Rivers Paper Company,    )<br>                                              )<br>     Defendant.                        ) | Civil No. 1:14-cv-00341-JCN |

**ORDER ON BILL OF COSTS**

Prevailing parties are entitled to move for an award of costs pursuant to Federal Rule of Civil Procedure 54(d)(1), which provides in pertinent part: "[u]nless a federal statute, these rules, or a court order provides otherwise, costs . . .should be allowed to the prevailing party."  As determined by the Court, Plaintiffs are the prevailing party in this case. *Judgment* (ECF No. 82). Those expenses that may be taxed are specified in 28 U.S.C. § 1920, but the costs must be "necessarily incurred in the case" pursuant to 28 U.S.C. § 1924.  Plaintiffs seek costs in the total amount of $5,174.65 for fees of the Clerk, service fees, transcript fees, witness fees, and docket fees. *Bill of Costs*, (ECF No. 83).  Defendant has made no objection to the Bill of Costs; therefore, the Clerk of Court, having made an independent review of Plaintiffs' Bill of Costs, hereby taxes costs against Defendant in the total amount of four thousand eight hundred fifty-one dollars and fifteen cents ($4,851.15).  Certain claimed costs are hereby excluded as explained herein.

Transcript Fees

Transcript fees are taxable to the extent that they were "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). In this case, Plaintiffs have requested fees for court reporter transcripts of seven depositions: those of Ronald Guay, James Gehrman, Michael Reider, Kim Lavoie, Glen Saucier, Adam Levy and a videotaped desposition of Gehrman. They have also requested fees for a trial transcript. Plaintiffs did not support their claim for these transcript fees with a memorandum and the Defendant has not objected to their claim.

Based upon a review of the docket in this case, the trial transcript was necessarily obtained for use in post-trial briefs, and all of the depositions, with the exception of the Gehrman videotaped deposition, were used for pretrial motion work, trial preparation or trial proceedings. Therefore, six of the seven transcripts obtained in this case were reasonably necessary for use in the case and are taxable. *Templeman v. Chris Craft Corp.*, 770 F.2d 245, 249 (1st Cir. 1985) citing *SCA Services, Inc. v. Lucky Stores*, 599 F.2d 178 (7th Cir.1979).

While six of the seven depositions were necessarily obtained, some of the associated costs for the depositions will not be taxed. Postage, emailing, shipping and handling costs for the delivery of depositions are considered ordinary business expenses that may not be charged as taxable costs in relation to obtaining transcripts. *Alexander v. CIT Technology Financing Services, Inc.*, 222 F.Supp.2d 1087 (N.D. Ill. 2002); *See also Maurice Mitchell Innovations, L.P. v. Intel Corp.*, 491 F.Supp.2d 684 (E.D. Tex. 2007) and *Treaster v. HealthSouth Corp.*, 505 F.Supp.2d 898 (D. Kan., 2007). Thus, Plaintiffs' costs for deposition transcripts will be reduced

by $23.50, the total amount of postage and handling fees charged on three of the deposition bills (Guay, Reider, and Lavoie/Saucier/Levy delivery).

Videotaped Deposition Cost

As noted above, Plaintiffs have sought costs for both the stenographic recording and the videotaped recording of James Gehrman's depositions. *Bill of Costs*, (ECF No. 83-3, pp. 1, 4 & 8). According to Exhibit 3 of the Plaintiffs' Bill of Costs, D'amico Gershwin charged Plaintiffs $300 for the videotaped videoconference deposition of Gehrman. (ECF No. 83-3, pp. 1 & 8).

Since Rule 30(b) of the Federal Rules of Civil Procedure authorizes depositions to be recorded by non-stenographic means, including videotaping, the allowance under 28 U.S.C. § 1920(2) for the taxation of transcript fees has been construed to include costs associated with videotaped depositions. *Tilton v. Capital Cities/ABC, Inc.*, 115 F.3d 1471 (10th Cir. 1997); *Commercial Credit Equipment Corp. v. Stamps*, 920 F.2d 1361 (7th Cir. 1990); *Accord Freeman v. National Railroad Passenger Corp.*, 1994 WL 448631 (D. Mass. 1994).

In *Templeman*, the First Circuit ruled that deposition costs should be taxed if they are introduced at trial, but that "if special circumstances warrant it," district courts could tax costs for depositions not used at trial. *Templeman*, 770 F.2d at 239. However, the plain language of § 1920(2) dictates that transcripts obtained by the prevailing party should be "necessarily obtained for use in the case." 28 U.S.C. § 1920(2). This language focuses the Court's discretionary decision-making power on

how the video transcript was used in the case, i.e. whether it had a legitimate use independent from or in addition to the stenographic version. *Cf. Meredith v. Schreiner Transport, Inc.*, 814 F. Supp. 1004 (D. Kan. 1993). In this case, the stenographic deposition of James Gerhman was clearly used for trial and for other motion work, but there has been no assertion by Plaintiffs that the videotaped deposition was also necessary for use in the case. *See Kalman v. Berlyn Corp.*, 1989 WL 112818 at 2 (D. Mass. 1989) [saying, "…it is one thing to tax the cost of a deposition which might not be used at trial, it is another thing to tax the cost of both a deposition *and* a videotaping." (emphasis in original)]. Where Plaintiffs are silent and have not asserted that the videotaped deposition was necessary for impeachment, for use as a demonstrable or because the witness would be unable to attend trial, the Plaintiffs have not established the necessity of the videotaped deposition, so the $300 cost for it will be disallowed.

ORDER

The Clerk of Court hereby taxes costs in favor of Plaintiffs in the amount of four thousand eight hundred fifty-one dollars and fifteen cents ($4,851.15).

IT IS SO ORDERED.

/s/ Christa K. Berry
Clerk, U.S. District Court

Dated this 7th day of December, 2016